**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| ELLA YVETTE FRAZIER | ) | CASE NO. 19-36207-KRH |
| | ) | |
| | ) | JUDGE KEVIN R. HUENNEKENS |
| DEBTOR. | ) | |

---

| | |
|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE CABANA SERIES III TRUST | ) ) ) |
| MOVANT, | ) |
| | ) |
| V. | ) |
| | ) |
| ELLA YVETTE FRAZIER<br>3802 Brandywine Drive<br>Hopewell, VA 23860, | ) ) ) |
| | ) |
| DEBTOR | ) |
| | ) |
| **CARL M. BATES,**<br>**TRUSTEE**<br>P.O. Box 1819<br>Richmond, VA, 23218 | ) ) ) ) |
| | ) |
| RESPONDENTS. | ) |
| _____ _) | |

**CONSENT ORDER MODIFYING AUTOMATIC STAY**

This matter is before the court on June 10, 2020, on the motion of U.S. Bank Trust National Association, as Trustee of the Cabana Series III Trust ("Movant") for relief from the automatic stay with respect to the real property located at 3802 Brandywine Drive, Hopewell, VA 23860 ("Property"), and is more particularly described as follows:

Keith Yacko (VA Bar No. 37854)
McMichael Taylor Gray, LLC
3550 Engineering Dr. Suite 260
Peachtree Corners, GA 30092
470-289-4347  kyacko@mtglaw.com

ALL THAT CERTAIN LOT OR PARCEL OF LAND WITH THE IMPROVEMENTS THEREON AND THE APPURTENANCES THEREUNTO, SITUATE LYING AND BEING IN BLAND MAGISTERIAL DISTRICT, PRINCE GEORGE COUNTY, VIRGINIA, AND BEING KNOWN, NUMBERED AND DESIGNATED AS LOT 17, BLOCK I, STRATFORD WOODS, SECTION 2, A SUBDIVISION OF SAID COUNTY AS MORE PARTICULARLY SHOWN ON A PLAT OR PLAN THEREOF DULY OF RECORD IN THE CLERK'S OFFICE OF THE CIRCUIT COURT OF PRINCE GEORGE COUNTY, VIRGINIA IN PLAT BOOK 17 AT PAGES 2, 3, 4 AND 5.

Upon consideration of which it is

**ORDERED:**

1. The debtor will resume making regular monthly installment payments in the amount of $704.98, as they become due commencing on June 1, 2020.

2. The debtors will cure the post-petition default in the total amount of $5,460.88, which includes attorneys' fees and filing fees, in the amount of $1,231.00 by making the following payments:

a) $910.15 due on or before June 15, 2020

b) $910.15 due on or before July 15, 2020

c) $910.15 due on or before August 15, 2020

d) $910.15 due on or before September 15, 2020

e) $910.15 due on or before October 15, 2020

f) $910.13 due on or before November 15, 2020

3. In the event that any payment required by this order is not received by the movant within 15 days after it is due, the movant may mail a notice of default to the debtor by first class mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to debtor's counsel and the trustee by first class mail, postage prepaid, or by email at the same time as the notice of default is mailed to the debtor. The notice of default will state in simple and plain language:

3.a. That the debtor is in default in making at least one payment required under this order:

3.b. The dates and amount of each payment missed and any late change or other fees necessary to cure the default;

3.c. The action necessary to cure the default, including any address to which payment must be mailed;

      3.d. That the debtor or trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default:

  3.d.i. Cure the default

  3.d.ii. File an objection with the court stating that no default exists; or

  3.d.iii. File an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered.

      3.e. That if the debtors or trustee does not take one of the actions set forth in paragraph 3(d), the movant may file a certificate that it has complied with the terms of this order and that the court may grant relief from the automatic stay without further notice to the debtor; and

      3.f. That if the automatic stay is terminated, the collateral may be sold at foreclosure.

If the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may submit a certificate stating that it has complied with the terms of the order and that neither the debtor nor the trustee has taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the debtor or trustee files an objection, the movant must set the matter for hearing and give notice of the hearing to the debtor, debtor's counsel and the trustee. At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

4. The provisions of this order with respect to regular monthly payments and cure payments expire twelve (12) months after the date of the entry of this order. In the event of the default in payments of any regular monthly payment due more than twelve (12) months after the entry of this order, the movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

5. Until an order is entered terminating the automatic stay, the movant may not refuse to accept or apply payments tendered by the debtors, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

6. The automatic stay is modified to permit the noteholder or servicing agent to send the debtor payment coupons, payment statements, or invoices, notices of late payment changes, notices of servicing transfers, or any other notices, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

7. Should the debtor default pursuant to the terms contained herein, unless otherwise ordered by this court, the movant shall be entitled to reasonable attorney's fees in the amount of $50 for issuance of a notice of default, and an additional $100 for issuance of a certificate of default and preparation of an order terminating the automatic stay.

DONE at, Richmond, Virginia this day

Jun 9 2020

/s/ Kevin R Huennekens
_____
United States Bankruptcy Judge

ENTERED ON DOCKET: Jun 10 2020

I ASK FOR THIS:

/s/ Keith Yacko
Keith Yacko
Virginia Bar No. 37854
3550 Engineering Dr.
Suite 260
Peachtree Corners, GA. 30092
470-289-4347
kyacko@mtglaw.com
*Attorney for Movant*

SEEN AND AGREED:

/s/ Amanda DeBerry
Amanda DeBerry
Christopher John Flynn
Callyn Marianna Gibson
Daniel James Webster
Boleman Law Firm
PO Box 11588
Richmond, VA 23230
*Attorneys for Debtor*

SEEN:

/s/ Carl M. Bates
Carl M. Bates
P.O. Box 1819
Richmond, VA 23218
*Chapter 13 Trustee*

**CERTIFICATION**

The undersigned certifies that the foregoing CONSENT ORDER MODIFYING AUTOMATIC STAY is substantially in compliance with the form order required by Administrative Order 10 2

/s/ Keith Yacko
Attorney for Movant

## CERTIFICATION

The undersigned certifies, pursuant to Rule 9022 1(e) that all necessary parties have endorsed the foregoing Order and that the Order is ready for entry.

/s/ Keith Yacko
Attorney for Movant

Will the clerk please send copies of this Order in electronic format to all parties who are listed on the ECF system and to:

Ella Yvette Frazier
3802 Brandywine Drive
Hopewell, VA 23860